# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| In Re: | ) |
| | ) NO. 15 B 34864 |
| CHANDRA MEDLIN, | ) |
| | ) |
| | ) Chapter 13 |
| Debtor. | ) |
| | ) |
| | ) |
| | ) Honorable Judge A. Benjamin Goldgar |
| | ) |

## NOTICE OF MOTION

TO: Glenn B. Stearns, Chapter 13 Trustee (electronically via ECF)
John G. Stumpf, Chairman, President & CEO, Wells Fargo Bank, N.A., 420 Montgomery Street, San Francisco, CA 94104 (via US Certified Mail)
Pierce & Associates, 1 North Dearborn, Chicago, Illinois 60602

PLEASE TAKE NOTICE that on January 8, 2016, at 9:30 a.m., the undersigned will appear before the Honorable Judge A. Benjamin Goldgar at **North Branch Court** (Round Lake Beach) 1792 Nicole Lane, Round Lake Beach, Illinois 60073 and will then and there present the attached **DEBTOR'S MOTION PURSUANT TO 11 U.S.C. § 506(a) AND BANKRUPTCY RULE 3012 TO DETERMINE THE VALUE OF 4460 LONGMEADOW DRIVE, GURNEE, ILLINOIS 60031**, at which time you may appear if you so choose.

## Certificate of Service

I, Paul M. Bach, hereby certify that I caused to be served, electronically via ECF to Glenn B. Stearns, Chapter 13 Trustee, and through Certified U.S. Mail to John G. Stumpf and by First Class Mail to Pierce & Associates a copy of the forgoing Notice and Motion upon the parties named above on December 14, 2015 from the office located at 900 Jorie Blvd., Ste 150, Oak Brook, IL 60523.

BY:   /S/ Paul M. Bach
SULAIMAN LAW GROUP, LTD
COUNSEL FOR DEBTOR(S)
900 JORIE BOULEVARD, SUITE 150
OAK BROOK, IL 60523
PHONE: (630) 575-8181
FAX:   (630) 575-8188
ATTORNEY NO: 6209530

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

In Re:                               )
                                     )   NO. 15 B 34864
CHANDRA MEDLIN,                      )
                                     )
                                     )   Chapter 13
            Debtor.                  )
                                     )
                                     )
                                     )   Honorable Judge A. Benjamin Goldgar
                                     )

## DEBTOR'S MOTION PURSUANT TO 11 U.S.C. § 506(a) AND BANKRUPTCY RULE 3012 TO DETERMINE THE VALUE OF 4460 LONGMEADOW DRIVE, GURNEE, ILLINOIS 60031

**NOW COMES**, CHANDRA MEDLIN ("Debtor"), by and through their attorneys, Sulaiman Law Group, LTD., and pursuant to 11 U.S.C §506(a) and Federal Bankruptcy Rule 3012, move this Honorable Court to determine the fair market value of the real estate commonly known as 4460 Longmeadow Drive, Gurnee, Illinois 60031, and in support thereof stating the following:

1. This is a motion brought by the Debtor pursuant to 11 U.S.C. § 506(a) and Rule 3012 of the Federal Rules of Bankruptcy Procedure to determine the value of the real estate commonly known as 4460 Longmeadow Drive, Gurnee, Illinois 60031.

2. The Debtor alleges that this is a core proceeding as that term is defined by Section 157(b)(2) of Title 28 of the United States Code in that it concerns claims and matters arising out of the administration of this bankruptcy case and rights duly established under Title 11 of the United States Code and other applicable federal law.

3. The Debtor further alleges that this Court has both personal and subject matter jurisdiction to hear

this case pursuant to Section 1334 of Title 28 of the United States Code, and Section 157(b)(2) of Title 28 of the United States Code.

4. The underlying Chapter 13 bankruptcy case was commenced by the filing of a voluntary petition with the Clerk of this Court on October 13, 2015.

5. The Debtor is the owner of real estate commonly known as 4460 Longmeadow Drive, Gurnee, Illinois 60031 ("real estate").

6. At the time of the filing of the instant Chapter 13 proceeding, the fair market of the real estate was $325,000.00. *See* attached Exhibit A is a true and accurate copy of a valuation of the real estate done by Jonathan E. Gutstein, Illinois Certified Residential Appraiser.

7. Wells Fargo Bank, N.A. ("The Wells Fargo first mortgage") has an interest in the real estate as a result of a first mortgage recorded in the Lake County Recorder of Deeds Office on October 21, 2005 as document 5880198 in the amount of approximately $364,692.17 as stated in the Debtor's Schedule D.

8. Wells Fargo Bank, N.A. ("The Wells Fargo second mortgage") has an interest in the real estate as a result of a second mortgage recorded in the Lake County Recorder of Deeds Office on October 21, 2015 as document 5880199 in the amount of approximately $33,403.00 as stated in the Debtor's Schedule D.

9. Pursuant to 11 U.S.C. §§ 506(a) & (d), a creditor would only have a secured claim to the extent of the value of the bankruptcy estate's interest in the property securing the claim. As a result, a creditor's lien is void to the extent it is not an allowed secured claim.

10. Moreover, a junior lien holder would only have a secured claim to the extent the fair market value of the secured asset exceeds the amount of the lien held by the primary lien holder.

11. Where the junior mortgage is wholly unsecured, it should not be allowed as a secured claim, and that the mortgage lien may be stripped off. *In re Havel*, 2002 WL 31944059 (Bankr. S.D. Ill.

2002); *In re Mann*, 249 B.R. 831, 840 (1st Cir. BAP 2000); *In Re Pond*, 2001 252 F.3d 122 (2nd Cir. 2001); *In Re MacDonald*, 205 F. 3d 606 (3rd Cir. 2000); *Bartee v. Tara Colony Homeowners Assoc.*, 212 F. 3d 277 (5th Cir. 2000); *In Re Lam*, 211 B.R. 36 (9th Cir. BAP 1357); *In Re Tanner*, 217 F. 3d 1357 (11th Cir. 2000).

12. Given the fact that the Wells Fargo First mortgage's secured claim exceeds the value of the real estate of $364,692.17, the Wells Fargo Second Mortgage does not have secured claim pursuant to 11 U.S.C. §506(a) and thus their rights may be modified notwithstanding its recorded lien on the Debtor's primary residence. *See* 11 U.S.C. 1322(b)(2).

13. The Wells Fargo Second Mortgage's claim should be classified as a general non-priority unsecured claim in the underlying Chapter 13.

14. Furthermore, Wells Fargo Second Mortgage shall release their lien upon discharge of the Debtor's Chapter 13 case.

**WHEREFORE**, the Debtor, Chandra Medlin, pray this Honorable Court enter an Order as follows:

1. Determining that the Fair Market Value of the Real Estate commonly known as 4460 Longmeadow Drive, Gurnee, Illinois 60031 is $325,000.00;

2. Determining the Wells Fargo Bank N.A.'s junior lien in the approximate amount of $33,403.00 has no collateral value;

3. Determining that an unsecured claim and shall be paid in the underlying Chapter 13 proceeding pro rata based on the Chapter 13 Plan;

4. Determining that Wells Fargo Bank N.A.'s second mortgage lien should be deemed satisfied upon discharge of the instant Chapter 13 case; and

5. For any other and further relief as the Court may seem just and proper.

Dated: December 14, 2015   Respectfully Submitted,
/s/ Paul M. Bach
Paul M. Bach, Esq. #6209530
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181